IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:10-1030-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD LEE GREGORY | ) | |
| | ) | |
| _____ | ) | |

Following his sentencing on February 6, 2012, the defendant, Edward Lee Gregory, moved the court to reconsider his sentence. The defendant was charged and pled guilty to being a felon in possession of a firearm.

The defendant's criminal history category was VI, with an offense level of 31, yielding a guideline range of 188 to 235 months. On motion of the government, this court departed downward four levels based upon the defendant's substantial assistance. The government had recommended a three-level reduction and the defendant had requested a five-level reduction. This court sentenced the defendant to 130 months—the low end of the guideline range—after the departure.

The defendant now contends that his sentence should be reconsidered based upon assertions made by the government at sentencing which he contends were a surprise to him. He also contends that his sentence is higher than a co-defendant charged with the same offense and his sentence should therefore be reduced to prevent unwarranted sentencing disparities.

1

As the government points out, in determining the amount of a departure pursuant to 5K1.1 of the United States Sentencing Guidelines, the district court is required to consider the following:

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

   (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

   (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   (3) the nature and extent of the defendant's assistance;

   (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

   (5) the timeliness of the defendant's assistance.

The court considered all of these factors in determining that a four-level reduction was appropriate. The fact that the defendant might have been surprised at some of the statements made by the government relating to his cooperation is not of significance. The court made its own independent determination of the departure amount, after considering the required factors set out above.

The defendant next seeks to have his sentence reduced based upon a state conviction for his former co-defendant, Michael Owens. The record demonstrates conclusively,

however, that Owens is not similarly situated to Gregory. Owens was convicted on related state law charges and sentenced in state court. When the co-defendants projected state parole eligibility date indicates that Owens will probably be released from prison sooner than Gregory. Gregory and Owens are not similarly situated, however. Gregory was determined to be an armed career criminal based upon six previous convictions for violent felonies. Moreover, Gregory's criminal convictions resulted in a criminal history score of 16 points, three more points than the highest level on the guideline chart. As the government points out, the defendant's motion for reconsideration does not suggest that Owens would have been an armed career criminal and that his criminal history category would have a been a category VI. Moreover, Owens was not convicted of the same offense as Gregory. Because the two defendants are not similarly situated, the court finds no problem with unwarranted sentencing disparity in this case.

For the foregoing reasons, the defendant's motion to reconsider (ECF No. 102) is denied.

IT IS SO ORDERED.

February 22, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge